Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed in the superior court of chancery by the appellee, as administrator de bonis non of the estate of Silver-berg, against Searles the former administrator, and others who had made purchases at the sale of the decedent’s estate. The bill charges, that at the sale the defendant, Sutherland, purchased certain slaves, and gave his bond with surety for payment; that the bond had been assigned by Searles to the defendant, Laughlin, in satisfaction of a debt of his own, and that the bond still remains unpaid by Sutherland. It prays a decree for a sale of the slaves to satisfy the bond, under the statutory mortgage, and that the money may be paid to complainant as administrator de bonis non.
To this bill the defendant, Searles, filed an answer, admitting the assignment of the bond by him as administrator to Laughlin, *96 but denying that it was to pay a debt of his own, and averring that it was in discharge of a debt due to Laughlin from Johnson. Silverberg & Co., of whom the defendant was the surviving partner, and from Searles and Vanderhorst, and that he had afterwards settled his account as administrator with the court of probates, and had fully accounted for all the estate which had come to his hands, except a note of $4178 due from Sarah Silverberg, the widow of the deceased; that on said settlement said estate was indebted to him in about the sum of $1000, and that upon due notice he had been finally released and discharged by said court, from all farther liability as said administrator, and resigned thereupon his administration.
Upon the coming in of this answer, the complainant filed an amended bill, virtually admitting the settlement as disclosed in the answer, and setting forth the manner in which the administration had been conducted, and in which the settlement aforesaid had been made. It also charges, that by such settlement so procured, Searles had appropriated the bonds and other assets of the estate fraudulently to his own use. It prays that Searles may be required to answer and show in effect the whole course of his administration, and that he may not be allowed to insist on said final settlement as- a bar to complainant’s right of recovery.
To this amended bill the defendants, Searles and Laughlin, demurred. Their demurrer was overruled, and the bill subsequently taken for confessed: Afterwards a motion was made to set aside this order, and for leave to answer. This was denied. Afterwards a final decree was entered for the complainant, and the case thence comes by writ of error to this court. There were other proceedings in the cause, not necessary to be noticed.
A question arises upon the demurrer, which strikes at the root of the case: Can the complainant as administrator de bonis non, upon the state of facts in the cause, maintain this suit?
It is the established doctrine, that an administrator de bonis non can maintain a suit only for such goods, chattels, and credits, as remain unadministered by the former administrator. *97 Morse v. Clayton, 13 S. & M. 380. Whether the previous administrator acted agreeably to law or not, whether he committed a devastavit or not, are matters with which the administrator de bonis non has no concern. The distributees and creditors are alone interested in that inquiry. Stubblefield v. McRaven, 5 S. & M. 141; Byrd v. Holloway, 6 S. & M. 325.
Then was the assignment of the note or bond, by Searles, a valid administration? If it were not, then the administrator de bonis non may recover it in equity. Miller v. Helme, 2 S. & M. 687; Scott v. Searles, 7 S. & M. 504. In regard to such assignment, this court said : “Asa legal proposition, it cannot be denied, that an executor or administrator may assign a note or chose in action which he holds in that capacity, but it must be done for a purpose which will meet the sanction of the law, and not for his individual benefit.” Prosser v. Leatherman, 4 How. 241. If it be for the latter object, and the assignee have notice thereof, he cannot, according to that case, recover upon it. The validity of the assignment then rests on the purpose for which it was made. The answer of Searles says, this assignment was made to pay in part a debt of Silverberg & Co., and in part a debt of Searles and Yanderhorst; but that in his settlement with the court of probates, he had fully accounted for the whole estate which had come to his hands, except the note of Mrs. Silverberg. The amended bill virtually admits these facts. This was an administration of the note or bond. The only inquiry which remains is as to the correctness or incorrectness of that administration. Such inquiry we have seen cannot be made at the instance of the administrator de bonis non.
The difference between this case and that of Scott v. Searles, 7 S. & M. 498, which grew out of the same administration, consists in this, there it appeared according to the opinion of the court, that the assignment was made to pay a debt due from Searles to Laughlin. It also appeared that the bond there assigned was the bond of Mrs. Silverberg, which was not included in the settlement with the court of probates, as having been administered. Searles, the administrator, claimed the right to retain a part of the proceeds of this note, to satisfy a balance *98 due him on the settlement of his administration account, and moreover, that the assignment was made “ subject to the payment of the legal representatives of Johnson Silverberg, deceased, of the balance due said estate.” The court there held, that such assignment did not amount to administration, and did not pass the right to Laughlin, who took it with notice, and that the administrator de bonis non was entitled to it for the purpose of collection, but that he should pay over, when collected, to Searles or to his assignee the amount due to Searles. In effect but part of the note was transferred, that of itself was inadmissible, and the complainant was held to have right to it.
In the present case, however, there is in addition to the assignment, the fact that the note has been administered, that it is included in the settlement of the administrator, and has been accounted for by him in his final settlement, made under the sanction of the proper tribunal after due notice. These circumstances plainly show the wide difference between the two cases.
There is also another obstacle in the way of the complainant, equally fatal with this. The amended bill charges fraud in the mode of administration, rather than in the settlement; it does not pray that the settlement may be set aside on account of the fraud, but it prays in effect for a new settlement in the chancery court, and that the defendant may be restrained from setting up the settlement in the court of probates, as a bar to the proceeding in chancery. The course of established decisions in this court, shows that the court of chancery has no such power or jurisdiction. The settlement in the court of probates was conclusive, unless set aside for fraud or want of notice, and the chancery court could not deprive the party of his right to insist upon it. Neither was it competent to make the settlement as prayed for. All that it could do in a proper case, would be to set aside the settlement, and leave the parties to make another in the probate courts, the tribunal intrusted with the exclusive power by the constitution. Neylans v. Burge et al., MS. opinion this term of court.
*99 But in the present case it was not asked to do this. The bill is not framed at all with a view to such end, and it must be re-modelled before any such relief could be given. The litigation has not been conducted thus far, with reference to such result. On both these grounds it was erroneous to overrule the demurrer.
The decree will be reversed, and as the structure of the bill is very imperfect, the cause will be remanded for purposes of amendment, .if the party should, think he can frame it, so as to entitle himself to relief, on the principles set forth in this opinion. We confess, however, that we do not now see any way in which this can be done, unless he can show that the assignment was illegal, and that the final settlement and discharge of the administrator by the court of probate was procured by fraud.
Decree reversed, and cause remanded.